*Western District*

# No. 142

# JOHN R. ALBEE AND JOYCE ALBEE

### v.

# TOWN OF GRANVILLE, ET ALS

Argued: April 11, 1975. Decided: August 22, 1975.

Case tried to *Cooley, J.,* in the District Court of Western Hampden. Number: 75 - 52.

Present: Gould, P.J., Cimini, Walsh, J.J.

**Gould, J.** This is an action to recover the costs of an appeal necessitated by the decision of the defendants, who are described as the duly authorized and acting members of the Zoning Board of Appeals of the Town of Granville, Massachusetts, which decision originally granted a zoning variance. The action was also brought against the Town of Granville, a municipal corporation, as the appointing body of said Zoning Board of Appeals.

The individual defendants acting as the Board of Appeals of the Town of Granville, granted a zoning variance to one Belle Pendleton, owner of property abutting the plaintiffs' property. At the original public hearing on this request for a variance, the plaintiffs voiced their objections, but the variance was granted. Following the granting of this variance to Ms. Pendleton, the plaintiffs appealed the granting of such variance to the District Court of Western Hampden pursuant to G.L. c. 40A, §21. Following commencement of that appeal, the property on which the

variance was granted was sold by Ms. Pendleton, and thus the variance which was issued had become a moot question.

On November 29, 1973 an order was entered annulling the decision of the Granville Board of Appeals and ordering it to change its records accordingly and to act in compliance with this order. This decree was entered by the District Court of Western Hampden.

In the original matter appealed by the plaintiffs they never sought costs nor were costs awarded by the court. The plaintiffs subsequently brought a new action, this pending litigation, to recover costs under the provisions of G.L. c. 40A, §21, which in effect provides for the assessment of costs against Boards of Appeal if they acted with gross negligence, in bad faith or with malice.

The defendant in this new proceeding filed a demurrer assigning as causes therefore, six specific reasons. The court sustained the defendant's demurrer, and the plaintiffs claiming to be aggrieved by this action reported the same to this Division.

On December 23, 1974, during the hearing on the allowance of the draft report, the plaintiff waived any claim against the Town of Granville, leaving, as defendants, the individuals named who were members of the Zoning Board of Appeals.

The allowance of costs to a party in litigation is treated generally by the provisions of G.L. c. 261. §1 of that chapter specifies that in civil actions the prevailing party shall recover his costs, except as otherwise provided.

§13 of said Chapter as amended by St. 1973, c. 1114 pursuant to the adoption of Massachusetts Rules of Civil Procedure, provides that civil actions or other proceedings in which no provision is expressly made by law, the casts shall be wholly in the discretion of

the court, but no greater amount shall be taxed therein than is allowed for similar charges in actions in which costs are expressly provided by law.

G.L. c. 261, §19, further suggests that costs shall be taxed by the Clerk of the Court. C. 261, §23, provides for the allowance of costs in civil actions in the Supreme Judicial Court or in the Superior Court, and §26 of the same Chapter provides for the allowance of costs in civil actions in a District Court, except actions by trustee process, and prior to the adoption of the Massachusetts Rules of Civil Procedure, as well as the new Rules of Civil Procedure for the District Courts of Massachusetts, costs in equity proceedings were assessed, but now, because of the discontinuance of separate equity actions, costs are assessed as provided by §§23 and 26, unless specifically regulated by the other specific statutory references.

Also, prior to the adoption of the Rules of Civil Procedures for the District Courts of Massachusetts, in July of 1975, the taxation of costs in proceedings in the District Court was governed by former Rule 37 of the Rules of District Court, and now are specifically dealt with under Rule 54 of the Rules of Civil Procedure for the District Courts of Massachusetts. Said Rule 54, Sub-Section D, generally accords with G.L. c. 261, §I.

Costs fixed by statute, are of course, taxed in accordance therewith. Costs in actions whoses costs are not so regulated, may not be taxed more broadly than regulated actions. (See G.L. c. 261, §13). In the latter event however, both Rules and Statutes vest the court with discretion as to whether costs shall be taxed at all.

G.L. c. 261, §19 gives authority to the Clerk to tax costs without notifying any party, unless the adverse party has given seasonable notice in writing of his desire to be present at the taxation or causes such notice to be entered on the docket. This procedure continues under the provisions of Rule 54 D of the Massachusetts Rules of Civil Procedure and the Rules of Civil Procedure of the District Courts of Massachusetts. The statute further provides for an appeal from a decision of the Clerk in taxing costs to the court or to the justice having custody of the case.

This court knows of no provision under Massachusetts Law which allows the bringing of a separate and distinct cause or action in order to seek recovery of costs to which a prevailing party may be entitled by statute, or costs which could be assessed within the discretion of the court and it would be vexatious and involve harassment to the courts to allow separate and distinct proceedings for this issue, and would over tax an already burdened system.

In the instant case there was no hearing on the merits; the matter was disposed of with both parties having the opportunity to object or to resist if such disposition were not proper or appropriate. It was also incumbent upon either party if they were desirous to obtain costs of the appeal to bring that issue seasonably before the court having jurisdiction of the appeal and before the allowance of the decree annulling the decision of the Board.

In the light of the findings made above, we therefore rule as follows:

**No error found, REPORT DISMISSED.**